## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JASON C. THOMPKE and**
**MELISSA J. THOMPKE**
**On Behalf of Themselves and All**
**Others Similarly Situated,**

|  |  |
|---|---|
|  | Hon. |
|  | Mag. |
| Plaintiff, | Case No. 17-cv-14341 |
|  | PROPOSED CLASS ACTION |

v.

**FABRIZIO & BROOK, P.C.**

Defendant.

---

### COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, **JASON C. THOMPKE and MELISSA J. THOMPKE** (hereinafter referred to as "THOMPKE" or "Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings action against the above listed Defendant, **FABRIZIO & BROOK, P.C.** ("FABRIZIO" or "Defendant") on the grounds set forth herein:

"Defendant published the notice of sale for the very purpose of obtaining payment on the underlying debt through Michigan's foreclosure by advertisement statute, so it was a communication made in connection with the collection of a debt." *Gray v Trott & Trott, P.C.* Case Number #16-00237 W.D.Mich. (November 10, 2016).

"First, the Court relied upon *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453 (6th Cir. 2013) to reach the conclusion that the notice of sale was a communication made for the purpose of obtaining payment on the underlying debt." *Gray v Trott & Trott, P.C.* Case

Number #16-00237 W.D.Mich. (January 19, 2016).

## I. PRELIMINARY STATEMENT REGARDING THIS CASE

1.      Plaintiff, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who, as part of Fabrizio' foreclosure process, sends Michigan homeowners initial debt communication letters similar to **Exhibit 1** and follows up by posting Mortgage Foreclosure Sale Notices on the internet, county buildings and newspapers in **Exhibit 2** with the same private debt information enclosed in **Exhibit 1** in violation of the FDCPA and RCPA and all without meaningful attorney involvement.

2.      The Plaintiff alleges that Defendant FABRIZIO collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Collection Practices Act (RPCA), codified in computer generated communications from a law firm that lacks meaningful involvement by an Attorney in the communications that:

        i.   make false, deceptive, and misleading representations that Defendant is allowed and permitted by law to collect a mortgage debt in default while going beyond the requirements of the Michigan Foreclosure Statute by publicizing private debt information at **Exhibit 2**; and

        ii.  send computer-generated, mass-produced, letters -- in the form of the Fabrizio Letter at **Exhibit 1** – and Public Notices about the Default of Plaintiff and homeowners at **Exhibit 2**-without any meaningful attorney review or involvement prior to the mailing or posting of those letters or in violation of 15 U.S.C. §§ 1692e (3), 15 U.S.C. §§ 1692e,15 U.S.C. §§ 1692e(2)(A) and 1692e (10); and

iii.   not providing the reinstatement amount or amount of debt being collected by Defendant Fabrizio but instead, placing the amount of the whole unpaid balance in the initial communication letter in violation of 15 U.S.C. §§ 1692g(a)(1); and

iv.   As part of its foreclosure practice of servicing the foreclosure needs of banks and mortgage servicing clients, Fabrizio initiates a foreclosure of a mortgage debt under MCL 600.3212 by publicizing to the State of Michigan a homeowner's private and protected Default information in a Mortgage Foreclosure Sale Notice in violation of 15 U.S.C. §§ 1692c(b) and 15 U.S.C. §§ 1692d (4) in **Exhibit 2**.

## II.  CASELAW AND CONSUMER STATUTES REGARDING THIS CASE

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

5.      In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

6.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Schroyer v. Frankel*, 197 F.3d 1170, 1173-74 (6th Cir. 1999); *See also Kistner*, 518 F.3d 433 (the law firm's owner may also be individually liable).

7.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Schroyer v. Frankel*, 197 F.3d 1170, 1173-74 (6th Cir. 1999); *See also Kistner*, 518 F.3d 433 (the law firm's owner may also be individually liable).

8.      In *Heintz v. Jenkins,* the Supreme Court refused to defer to the FTC commentaries. *Heintz* addressed the FTC's purported exclusion from FDCPA coverage of attorneys engaged in "legal activities" as opposed to those engaged in "debt collection activities." Rejecting this exclusion, the Supreme Court noted that the commentaries themselves state that they are "not binding on the Commission or the public." *Heintz v. Jenkins*, 514 U.S. 291, 298 (1995).

9.      FABRIZIO is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts on behalf of mortgage servicers and banks. See *Glazer v. Chase Home Finance LLC,* 704 F. 3d 453.

10.     FABRIZIO becomes involved with these mortgage debts after they considered delinquent or in default. FABRIZIO is aware of that lawyers who meet the general definition of a "debt

collector" must comply with the FDCPA when engaged in mortgage foreclosure.

11.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false,

deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se*

violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per*

*se* violations prohibited by that section are: false representations concerning the character, amount,

or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer, 15 U.S.C. § 1692e (10).

12.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws

the use of unfair or unconscionable means to collect or attempt to collect any debt and names a

non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct.

15 U.S.C. §§ 1692f (1)-(8). Included among the *per se* violations prohibited in this section are the

collection of any amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f (1).

13.      Among the *per se* violations prohibited by the FDCPA is 15 U.S.C. § 1692c(b):

(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without
the prior consent of the consumer given directly to the debt collector, or the express permission
of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment
judicial remedy, *a debt collector may not communicate, in connection with the collection of
any debt, with any person other than a consumer, his attorney, a consumer reporting agency if
otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt
collector*.

14.           15 U.S.C. § 1692g provides:

**§ 1692g. Validation of debts**

(a)   Notice of debt; contents. Within five days after the initial communication with
a consumer in connection with the collection of any debt, a debt collector shall,
unless the following information is contained in the initial communication
or the consumer has paid the debt, send the consumer a written notice

containing--

**(1) the amount of the debt;**

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15.    If the debt collector is attempting to collect the past due portion of an unaccelerated debt, the "amount of the debt" is the past due portion, not the whole debt. *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838 (7th Cir. 2007); *Castro v. Green Tree Servicing*, 10cv7211, 2013 WL 4105196 (S.D.N.Y., Aug. 14, 2013); *Adlam v. FMS, Inc.*, 09 Civ. 9129, 2010,WL 1328958 (S.D.N.Y., April 5, 2010).

16.    The FDCPA, 15 U.S.C. §1692g(a)(1) requires disclosure of the "amount of the debt that is owed." What is missing from that language is any mention of court costs, attorney's fees, or other penalties which may be imposed by statute. That is because the "amount of the debt" provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the obligation is, not what the final, worst-case scenario could be. *Veach v. Sheeks*, 316 F. 3d 690 - Court of Appeals, 7th Circuit 2003.

17.    Plaintiff has a right to reinstate the mortgage. The nature of the number Potestivo is offering as the debt amount is not "clearly" described for a debtor like Mr. Thebert to understand what he owes and why. Contrary to *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438, 441 (6th Cir) and in violation of 15 U.S.C. §1692e, Defendant is making an

-6-

inaccurate statement by stating the total amount Plaintiff would owe the Creditor and not the amount necessary to reinstate the debt to avoid foreclosure. **Please see Exhibit 1 and Exhibit 4**.

19.     The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied *by listing a phone number*. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214* F.3d 872, 875, 876 (7th Cir.2000).

20.     The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.,* No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)).

22.     Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "A debt collector violates § 1692e, put simply, if the collection practice that he uses has the tendency to confuse the least sophisticated consumer." *Gillie v. Law Office of Eric A. Jones, LLC,* 785 F.3d 1091, 1106 (6th Cir. 2015) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)), rev'd on other grounds sub nom. *Sheriff v. Gillie*, 136 S. Ct. 1594 (2016).

23.     The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed

appropriate by this Court, pursuant to the FDCPA, RCPA, and all other common law or statutory regimes.

## III. PARTIES

24.     Plaintiffs are consumers and natural persons and at all times relevant to this complaint, resided in the City of Marshall, County of Calhoun, State of Michigan.

25.     Located in the City of Troy, Oakland County and State of Michigan, Fabrizio & Associates, P.C. ("FABRIZIO") is a mortgage foreclosure law firm engaged in the business of using the mail, public notices and telephone to collect consumer debts originally owed to others, including residential mortgage debts. Mortgage foreclosure is debt collection under the FDCPA See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

26.     Defendant Fabrizio is a regulated person under the RCPA regardless of whether the firm's collection activities were carried out "in its own name" or on behalf of its clients. *Ward v. G. Reynolds Sims & Assoc.*, No. 12-12078, 2013 WL 364012 (E.D. Mich. Jan. 30, 2013); *Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948 (E.D. Mich. 2012); *Baker v. Residential Funding Co., LLC*, 886 F. Supp. 2d 591 (E.D. Mich. 2012); *Misleh v. Timothy E. Baxter & Associates*, 786 F. Supp. 2d 1330 (E.D. Mich. 2011); *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016, 2007 WL 4326825 (E.D. Mich. Dec. 10, 2007).

## IV. JURISDICTION & VENUE

27.     Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

28.     Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans & Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015). Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

29.     The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim

and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). *Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and RCPA claims are simply duplicates and "need not be addressed separately").

30.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

### V. FACTS CONCERNING PLAINTIFF AND THE FORECLOSURE NOTICE

31.     Sometime prior to January 19, 2017, Plaintiff allegedly incurred a financial obligation on a mortgage that FABRIZIO that eventually foreclosed upon.

32.     The mortgage debt arose out of a transaction in which the money, property, insurance, or services are the subject of the transaction that are primarily for personal, family, or household purposes.

33.     FABRIZIO' primary business is a law firm that represents banks and servicers in foreclosing on Michigan homeowners like the Proposed Plaintiff class members. It's website states:

Mortgage Foreclosures And Loss Mitigation

Our highly diversified attorneys are relied on as experts and counselors always available to help guide our clients through all aspects of the default servicing process. We are recognized in the industry as a top-tiered law firm in foreclosure and loss mitigation initiatives. We utilize the top technology and best systems available to ensure impeccable quality and efficiency in every aspect of our practice.

34.    As part of the Fabrizio' s foreclosure process, Defendant sends Michigan homeowners

initial debt communication letters similar to **Exhibit 1** and follows up by posting Mortgage

Foreclosure Sale Notices on the internet, county buildings and newspapers in **Exhibit 2** with the

same private debt information from **Exhibit 1** in violation of the FDCPA and RCPA and all

without meaningful attorney involvement.

35. Further, the names of the Homeowners are placed in Bold Letters so that the homeowners'

names stick out similarly to the text announcing that they are being pursued by debt collectors in

the Notice in Exhibit 2.

> **AS A DEBT COLLECTOR, WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. NOTIFY US AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**
> **MORTGAGE SALE - Default having been made in the terms and conditions of a certain mortgage made by JASON C THOMPKE A MARRIED MAN AND MELISSA J THOMPKE, Mortgagors, to Mortgage Electronic Registration Systems Inc. (MERS) as nominee for AMERIFIRST FINANCIAL**

36.    As the court in *Glazer* made clear, "if a purpose of an activity taken in relation to a debt

is to 'obtain payment' of the debt, the activity is properly considered debt collection." Id. at 460.

But "upon a foreclosure sale, the mortgage debt is considered paid[.]" *Senters v. Ottawa Sav.*

*Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993); see also *Dunitz v. Woodford Apartments Co.*,

209 N.W. 809, 810 (Mich. 1926) ("A foreclosure of a mortgage extinguishes it. *Phillip*

*Himmelein v Federal Home Loan Mortgage Corporation, Trott Law P.C. FKA Trott & Trott,*

*P.C. and Roger A. Smith*, File No. 1:15-cv-813 (2015).

37.    The posting the Notice of Mortgage Foreclosure Sale is one of those activities taken in

relation to a debt "for the purpose of obtaining payment on the underlying debt."  While the

publishing of the Notice of Mortgage Foreclosure sale under MCL 600.3212 is the beginning of

the foreclosure process, the actual Sale represents the end of the debt and its collection. *Himmelein*

*v Federal Home Loan Mortgage Corporation, Trott Law P.C. FKA Trott & Trott, P.C. and Roger*

*A. Smith*, File No. 1:15-cv-813 (2015).

38.     The alleged debt being collected by FABRIZIO is a "debt" as defined by 15 U.S.C.

§1692a (5). The alleged mortgage debt is a "consumer debt" as defined by the RCPA under

MCL 445.251(a).

39.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15

U.S.C. § 1692a (3). Plaintiff is, at all times relevant to this complaint, a "consumer" as that term

is defined by the RCPA under MCL 445.251(d).

40.     FABRIZIO is a mortgage foreclosure law firm staffed with attorneys and non-attorneys

who collect, and attempt to collect, debts incurred, or alleged to have been incurred, for personal,

family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

41.     FABRIZIO is, at all times relevant to this complaint, engaged in the act and/or practice of

"debt collection" as that term is defined by the RCPA.

42.     As a mortgage foreclosure law firm, Defendant FABRIZIO is, at all times relevant to this

complaint, a "regulated person" as that term is defined by the RCPA under MCL 445.251(g).

43.     FABRIZIO is, at all times relevant to this complaint, a "debt collector" as defined by 15

U.S.C. § 1692a (6).

44.     Defendant FABRIZIO sent an initial communication letter at **Exhibit 1** as a debt collector

as defined by 15 U.S.C. § 1692a (6). The Letter at **Exhibit 1** was sent to Plaintiff in connection

with the collection of a "debt" as defined by 15 U.S.C. § 1692a (5).

45.     The Letter at **Exhibit 1** and Public Notice at **Exhibit 2** with the same debt information is

a "communication" as defined by 15 U.S.C. § 1692a (2).

46.     As Plaintiff understood the Letter at **Exhibit 1**, upon receiving it, as would the least

sophisticated consumer, the debt collection process has entered into a phase where FABRIZIO

will begin to use legal procedures established by foreclosure law and known to Fabrizio' attorneys

to collect the mortgage debt under *Glazer v. Chase Home Finance LLC,* 704 F. 3d 453.

47.    In the Format of the Letter at **Exhibit 1**, Defendants state in part that it has been retained

to collect the debt through foreclosure proceedings:

> Dear Borrower(s),
>
> BANK OF AMERICA, N.A. has retained our law firm to begin foreclosure proceedings on the above
> referenced property. As of the date of this letter, you owe $70,544.10. Because of interest, late charges
> and other charges that may vary from day to day, the amount due on the day you pay may be greater, and
> an adjustment may be necessary after our client receives your payment.

48.    Plaintiff understood the Letter upon receiving it, as would the least sophisticated consumer,

that it was coming from a law firm. The letter also states that Fabrizio is the creditor's attorney:

> FABRIZIO & BROOK, P.C. IS THE CREDITOR'S ATTORNEY AND IS ATTEMPTING TO COLLECT A DEBT ON ITS BEHALF.

**Initial Communication letter at Exhibit 1**.

49.    The letter at **Exhibit 1** is part of a computer generated, mass produced letter sent to

homeowners facing foreclosure by FABRIZIO and signed by a non-attorney



Very truly yours,

*Devara Walton*

Real Estate Default Team
FABRIZIO & BROOK, P.C.

with a threat by an attorney law firm without any meaningful involvement by any attorney in

violation of 15 U.S.C. §§ 1692e (3) and 15 U.S.C. §§ 1692e (10).

50.     The next part of the foreclosure process after FABRIZIO sends out its initial dunning letters

is the setting of the actual Notice of Mortgage Foreclosure Sale which is placed in county

buildings, the internet, the Detroit Legal news and on the door of the homeowner.

51.     Under Michigan's Foreclosure Statute at MCL 600.3212:

**600.3212 Notice of foreclosure by advertisement; contents.**

Sec. 3212.

Every notice of foreclosure by advertisement shall include all of the following:

 (a) The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any.

(b) The date of the mortgage and the date the mortgage was recorded.

(c) The amount claimed to be due on the mortgage on the date of the notice.

(d) A description of the mortgaged premises that substantially conforms with the description
contained in the mortgage.

(e) For a mortgage executed on or after January 1, 1965, the length of the redemption period as
determined under section 3240.

(f) A statement that if the property is sold at a foreclosure sale under this chapter, under section
3278 the borrower will be held responsible to the person who buys the property at the mortgage
foreclosure sale or to the mortgage holder for damaging the property during the redemption
period.

52.     The Initial Communication letter at **Exhibit 1** was sent on January 19, 2017. The Mortgage

Foreclosure Sale Notice was published by Fabrizio in the papers, in county buildings and in the

Detroit Legal News on January 27 through February 17, 2017. **Please see Exhibit 2**.

53.     The Michigan Foreclosure Statute does not require that the Notice include a provision that

Debt Collector Attorneys are involved in Public Notice or that debt is in default. However, as

stated in **Exhibit 2**, this information is publicized:

-13-

AS A DEBT COLLECTOR, WE ARE ATTEMPTING TO
COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. NOTIFY US AT
THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY
DUTY.
MORTGAGE SALE - Default having been made in the terms
and conditions of a certain mortgage made by JASON C
THOMPKE A MARRIED MAN AND MELISSA J THOMPKE.
Mortgagors, to Mortgage Electronic Registration Systems Inc.
(MERS) as nominee for AMERIFIRST FINANCIAL

**Exhibit 2**.

54.     The FDCPA defines communication at 15 U.S.C. § 1692a (2) as:

**(2)** The term "communication" means the conveying of information regarding a debt directly or indirectly to any person *through any medium*.

55.     Defendant is communicating directly to Plaintiffs when it states:

**NOTIFY US AT THE NUMBER BELOW IF YOU ARE IN THE ACTIVE**

**MILITARY**

56.     Even though the Michigan Foreclosure Statute does not require it and in breach of the

class member's privacy, the public is told that Mr. Thompke and the class members are in

Default on their mortgage

MORTGAGE SALE - Default having been made in the terms
and conditions of a certain mortgage made by JASON C
THOMPKE A MARRIED MAN AND MELISSA J THOMPKE.
Mortgagors, to Mortgage Electronic Registration Systems Inc.
(MERS) as nominee for AMERIFIRST FINANCIAL

57.     Further, the public notice states how much debt is owed and "*claimed to be due*" (same

amount as in the letter at **Exhibit 1**) and that Attorneys are seeking to sell the home to pay off the

underlying debt. **Please see Exhibit 2**.

Records, page 547, said Mortgage having been assigned
BANK OF AMERICA, N.A. on which mortgage there is
claimed to be due, at the date of this notice, the sum of
Seventy Thousand Five Hundred Forty-four and 10/100
($70,544.10), and no suit or proceeding at law or in equity
having been instituted to recover the debt secured by said

58.     The Michigan Foreclosure Statute does not require FABRIZIO to alert anyone reading

the Notice at **Exhibit 2** regarding their rights if they are current or former military members.

59.     In violation of the FDCPA and RCPA, the private debt information, bold names of the homeowners and the fact that the debt is in default is posted to public notices like **Exhibit 2** through the county even though the Michigan Foreclosure Statute does not require the publication of such information.

60.     As a debt collector that is collecting mortgage debts for its creditor clients, Defendant Fabrizio itself is aware that after the 6th Circuit's ruling in *Glazer v. Chase Home Finance, LLC*, 704 F. 3d 453, 456., that foreclosure firms must comply with the strict mandates of the FDCPA.

61.     The Sixth Circuit does not create a carve out or exception for the Notice of Mortgage Sale being anything but debt collection and part of the foreclosure process and as a subsequent communication under the FDCPA.

62.     As **Exhibit 2** is a debt collection communication meant to obtain the sale of the home to pay the underling debt, the FDCPA clearly prevails in any conflict with the Michigan State Foreclosure Statute. "A debt collector must comply with the FDCPA while complying with a state foreclosure law." *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 118 (2d Cir. 1998).

63.     Foreclosure activity under *Glazer* is considered debt collection for the purpose of obtaining payment through the advertised foreclosure sale. "Whether through reinstatement or less directly through foreclosure sale and recovery of the proceeds, "[t]here can be no serious doubt that the ultimate purpose of [this] foreclosure is the payment of money. *Glazer* at 463.

64.     Similar to the facts and law plead in this case, a Federal Court in Western Michigan has ruled on this issue stating that "Defendant published the notice of sale for the very purpose of obtaining payment on the underlying debt through Michigan's foreclosure by advertisement statute, so it was a communication made in connection with the collection of a debt." *Gray v Trott & Trott, P.C.* Case Number #16-00237 W.D. (November 10, 2016). **Please see Exhibit 3**.

65.     In writing to the debtor, the Defendant intended that **Exhibit 1** imply a heightened severity over the communications from the debt collector law firm and that the least sophisticated consumer react with a commensurate level of alarm and concern especially in that the communication is based on losing the home by way of a notice from a law firm that says "Bank of America, N.A. has retained our law firm to begin foreclosure proceedings on the above referenced property. As of the date of this letter, you owe $70,544.10."

66.     After receiving the FABRIZIO Letter, the Plaintiffs reasonably inferred – as would a "least sophisticated consumer" – that the bank (in this case Bank of America) was proceeding aggressively as it has incurred the expense to hire a law firm, whose attorneys *should be* personally involved with the review and collection of their alleged account and charged fees and costs to be paid before a Class Member can reinstate their Mortgage Loan.

67.     Plaintiffs are informed and believe, and on that basis, allege, that the Defendants have a policy and practice of sending consumers, such as Plaintiffs, computer-generated, mass-produced letters – in the form of the Fabrizio letter at **Exhibit 1** and Public Notices like **Exhibit 2**-- *without any meaningful attorney review or involvement* prior to the mailing of those letters or posting of the Public Notice of Sale in violation of 15 U.S.C. §§ 1692e (3).

68.     "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989). "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

-16-

69.     However, the letters and public notice imply a heightened severity with the mention of law firms and attorneys so that the least sophisticated consumer would react with a commensurate level of alarm and concern when receiving these debt collection communications.

70.     If there was any meaningful involvement or oversight by an Attorney, **Exhibit 2** would have followed both the Michigan Foreclosure Statute, the FDCPA and the RCPA prior to publicizing that Plaintiff is in Default on a debt and that Attorneys are seeking to sell Mr. Thompke's home to pay the underlying debt.

71.     Further, the Defendants' written communications in the form attached as **Exhibit 1** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e, 1692e (3) and 1692e (10).

72.     The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied *by listing a phone number*. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875, 876 (7th Cir.2000).

73.     The *Miller* court held that the notice violated Section 1692g(a)(1), which, as noted, requires debt collectors to state "the amount of the debt." The court reasoned that the unpaid principal balance was not the "debt" and that the statute requires that debt collectors state "the total amount due—interest and other charges as well as principal—on the date the [collection notice] was sent." *Id.* at 875-76. *Avila v. RIEXINGER & ASSOCIATES, LLC,* 817 F. 3d 72 - Court of Appeals, 2nd Circuit 2016.

74.     As the foreclosure has not occurred yet when Plaintiff receives his first communication from the debt collector at **Exhibit 1**, the Defendant FABRIZIO was legally duty bound under 15 U.S.C. §1692g(a)(1) and *Miller* to state the Reinstatement Amount that Defendant is collecting but not providing to the class member with these mass-produced letters similar to **Exhibit 1** and in violation of the FDCPA and *Miller*.

75.     Though the Letter at **Exhibit 1** informs the class member and Plaintiff that Fabrizio is a law firm retained by the Mortgagee or servicing bank (in this case, Bank of America), if there was any meaningful involvement by an attorney, the letter at **Exhibit 1** would have broken down and clarified the reinstatement amount owed on the debt and provided an amount that could be fully justified as owed by the debtor to the debt collector.

76.     The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611-12 (2010).

## VI.  POLICIES AND PRACTICES COMPLAINED OF

77.     It is Defendants' policy and practice to send written and computerized collection communications and Sale Notices *en masse*, in the form attached as **Exhibit 1 and Exhibit 2** in connection with the collection of alleged mortgage debts, which fail to state the amount of the consumer's debt under the law and *Miller* and which use the false threat of an attorney without any meaningful lawyer involvement in creating **Exhibit 1 and Exhibit 2**. Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e (3) 1692e (10) and 1692g(a)(1).

-18-

78.     As part of its foreclosure practice of servicing the foreclosure needs of banks and mortgage servicing clients, Fabrizio initiates a foreclosure of a mortgage debt under MCL 600.3212 by publicizing to the State of Michigan a homeowner's private and protected information from a private letter in **Exhibit 1** into a Mortgage Foreclosure Sale Notice in in **Exhibit 2** in violation of 15 U.S.C. §§ 1692c(b) 15 U.S.C. 1692d (4) 15 U.S.C. 1692d 15 USC 1692e (6) 15 U.S.C. §§ 1692e (11).

79.     On information and belief, the Defendant's written communications in the computerized form attached as **Exhibit 1** and **Exhibit 2** as alleged in this complaint under the Facts Concerning Plaintiff, number in the thousands.

### VII. CLASS ALLEGATIONS

80.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

81.     Plaintiff seeks to certify two classes as set forth, and defined, *infra*.

82.     With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom FABRIZIO sent an initial communication materially similar to the form attached as **Exhibit 1**; and published the personal, private mortgage debt information in an debt collection communication from **Exhibit 1** without following the FDCPA in **Exhibit 2** (c) in an attempt to collect a mortgage debt that was incurred for personal, family, or household purposes; (d) which was not returned as undeliverable by the United States Postal Service; (e) during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action under the FDCPA.

83.     With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a)

all persons with addresses in the State of Michigan; (b) to whom FABRIZIO sent a written communication materially similar to the form attached as **Exhibit 1 and Exhibit 2**; (c) in an attempt to collect a mortgage debt that was incurred for personal, family, or household purposes; (d) which was not returned as undeliverable by the United States Postal Service; (e) during the period beginning six years prior to the filing of this action and ending 21 days after the filing of this action under the RCPA.

84.     There may be a sub class of FDCPA/RCPA homeowners in Michigan who are receiving an initial debt collection letter as part of the foreclosure process that fails to provide the actual amount of debt being collected by the debt collect Fabrizio and fails to provide the Reinstatement amount prior to the foreclosure or sheriff sale.

85.     The identities of all class members are readily ascertainable from the business records of FABRIZIO. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and each of their respective immediate families, and legal counsel for all parties to this action and all members of their respective immediate families.

86.     There are questions of law and fact common to First Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' initial written communications, in the form attached as **Exhibit 1 and Exhibit 2**, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e (3), 1692e (10), 1692g(a)(1), 1692f, 1692e (11), 1692c(b), 1692d (4) and 1692f (1).

87.     There are questions of law and fact common to Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' initial written communications, in the form attached as

**Exhibit 1 and Exhibit 2**, violate MCLA 445.252(e) MCLA 445.252(f) MCLA 445.252(q)

MCLA 445.252(m) and MCLA 445.252(a) and MCLA 445.252(g) under the RCPA.

88.     The Plaintiff's claims are typical of the class members, as all claims are based upon the

same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the

Plaintiff Classes defined in this complaint. Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor

her attorneys have any interests, which might cause them not to vigorously pursue this action.

89.     This action has been brought, and may properly be maintained, as a class action pursuant

to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community interest in the litigation:

**Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff

Classes defined above are so numerous that joinder of all members would be impractical.

**Commonality (Common Questions Predominate):** Common questions of law and fact exist as

to all members of the Plaintiff Classes and those questions predominate over any questions or

issues involving only individual class members. The principal issue is whether the Defendants'

written communications, in the form attached as **Exhibit 1 and Exhibit 2**, violate the FDCPA

and RCPA.

**Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all

members of the Plaintiff Classes have claims arising out of the Defendants' common uniform

course of conduct complained of herein.

**Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members

insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is

committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in

handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

90.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, who collect debts throughout the United States of America.

91.     Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that a determination that FABRIZIO's written communications, in the form attached as **Exhibit 1 and 2**, violate Federal and State law as stated above.

92.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

93.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VIII. FIRST CAUSE OF ACTION

**RCPA CLASS ALLEGATIONS FOR ACTUAL DAMAGES AND INJUNCTIVE RELIEF**

94.    Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a.    Defendants violated MCLA 445.252(a) by communicating with Plaintiff and class members in a deceptive manner using the stationery of an attorney and false Public Notices that don't comply with the Michigan Foreclosure Statute to take the Plaintiff and class members' homes using (*Exhibit 1 and 2*) as mentioned above; and

b.    Defendants violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using (*Exhibit 1 and 2*) and publicizing personal debt information beyond the Michigan Foreclosure Statute mandates as mentioned above; and

c.    Defendants violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting the underlying debt at (*Exhibit 1 and 2*) without revealing the proper and exact amount owed by Plaintiff as mentioned above; and

d.    Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i)    The legal status of a legal action being taken or threatened.

(ii)    The legal rights of the creditor or debtor at (*Exhibit 1 and 2*); and

e.    Defendant has violated MCLA 445.252(d) by using forms that may otherwise induce the belief that they have judicial or official sanction is involved such as (*Exhibit 2*) when they contain false or illegal information as stated above at (*Exhibit 1 and 2*); and

f.    Defendant has violated MCLA 445.252(a) by communicating with a debtor in a

misleading and deceptive manner with forms such as (*Exhibit 1 and 2*) while failing to provide proof of the amount of debt and reinstatement amounts owed in dunning letters; and

g.      Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee with forms and practices involving (*Exhibit 1 and 2*) with forms that are clearly illegal and not justified in the breach of privacy in seeking amounts not owed.

**Wherefore**, Plaintiff seeks judgment and INJUNCTIVE RELIEF against Defendants for:

a.      Actual damages based on the illegal interests and costs Defendants charged of each Plaintiff, pursuant to M.C.L. 445.257 ((1). Triple Actual damages if the Court finds Defendants' scheme and plan alleged above as willful non-compliance. M.C.L. 445.257(2); to all class members in a Class Action Judgment; and

b.      Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1) to stop the plan and scheme of defendants as alleged above using (*Exhibit 1 and 2*); and

c.      Reasonable attorney's fees and court cost pursuant to M.C.L.445.257(2) with judicial sanction and Injunctive Relief.

## FDCPA RECOVERY CLAIMS FOR RELIEF

### 107.

95.      Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a.      Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a mortgage debt using the communications at **Exhibit 1 and 2** and breaching Plaintiff class members privacy while claiming to follow the Mortgage Foreclosure Statute when Fabrizio

-24-

knows that a debt collector must comply with the FDCPA as stated above; and

b.  Defendant collected on the debt and violated 15 U.S.C. 1692d with conduct described above that harasses and abuses a homeowner in connection with collecting the mortgage debt through **Exhibit 1 and 2** in publicizing private mortgage debt information as stated above; and

c.  The Defendant communicated to third parties and the world in publishing foreclosure sale notices with the mortgage debt amount, the homeowner's name and that he is in default through **Exhibit 2** in violation 15 U.S.C. §1692c(b); and

d.  Defendant violated 15 USC 1692e (6) with the false representation or implication that the Notice of Foreclosure Sale in **Exhibit 2** allows the debt collector to violate the FDCPA; and

e.  Defendant violated 15 U.S.C. 1692d (4) by publishing that the sale of the mortgage debt to the world and the State of Michigan using **Exhibit 2** as mentioned above beyond the State Foreclosure Statute;

f.  Defendant violated 15 U.S.C. 1692g(a)(1) by failing to provide the true and justified "amount of debt" in **Exhibit 1** and failing to provide the reinstatement amount as mentioned above; and

g.  Defendant violated 15 U.S.C. 1692e (3) and (10) by communicating with mass produced letters and notices that claim to have an attorney review when there is no meaningful attorney involvement with communications to homeowners and "an unsophisticated consumer, getting a letter from an "attorney," knows the price of poker has just gone up" in **Exhibit 1 and 2** as mentioned above. *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a.      Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.      Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.      Such further relief as the court deems just and proper.

## IX. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

February 6, 2017

s/ Brian P. Parker
Brian P. Parker, Esq. (P48617)
LAW OFFICES OF BRIAN PARKER, P.C.
2000 Town Center, #1900
Southfield, MI 48075
Telephone: (248) 342-6268
Facsimile: (248) 659-1733
E-Mail: brianparker@collectionstopper.com

*Attorneys for Plaintiff Jason C. Thompke and Melissa J. Thompke as named in* **Exhibit 1** *and* **Exhibit 2** *and all others similarly situated*