IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON C. THOMPKE and
MELISSA J. THOMPKE,
on Behalf of Themselves and All
Others Similarly Situated,

   Plaintiffs,

vs.

FABRIZIO & BROOK, P.C.

   Defendant.
_____/

Case No. 2:17-cv-10369
Hon. David M. Lawson

### DEFENDANT FABRIZIO & BROOK, P.C.'S LOCAL RULE 7.1(h) MOTION FOR PARTIAL RECONSIDERATION AND BRIEF IN SUPPORT

Defendant Fabrizio & Brook, P.C. ("Fabrizio") states as follows for its Local Rule 7.1(h) Motion for Reconsideration and Brief in Support:

### MOTION FOR PARTIAL RECONSIDERATION

1. On August 14, 2017, this Court entered an opinion and order denying Fabrizio's motion to dismiss ("Order").

2. In the section of the Order addressing Fabrizio's argument that Plaintiffs lack Article III standing, the Court relied on an affidavit from Jason Thompke which Plaintiffs attached to their brief in response to Fabrizio's motion to dismiss ("Affidavit").

2051327/15093-0029

3. The Court's description of the contents of the Affidavit, however, contains a factual error. Specifically, the Court indicated that Mr. Thompke had averred that "even though the plaintiffs paid off their overdue balance in full, Fabrizio continued its publications in the newspaper." *See* Order at p. 5. The Affidavit contains no such statement. In fact, Fabrizio cancelled the publication as soon as Fabrizio was notified that Plaintiffs had paid off their debt. *See* D. Walton Email to Legal News dated 2/2/17 (attached hereto as **Exhibit 1**).

4. This factual error is material to the issue of whether Plaintiffs have pled a concrete harm arising from Fabrizio's publication of the foreclosure notice.

5. Moreover, the Court found that Plaintiffs suffered an actual injury by Fabrizio's inclusion in the foreclosure notice the language the FDCPA requires debt collectors to include in their communications with a debtor. 15 U.S.C. §1692a(11). In other words, the injury alleged was the result of FDCPA compliance, not an FDCPA violation.

6. As set forth more fully in the accompanying brief in support, Fabrizio respectfully asks the Court to reconsider part of its Order.

WHEREFORE, there being no just cause otherwise, Fabrizio respectfully asks the Court to partially reconsider its August 14, 2017 Order.

## BRIEF IN SUPPORT

In the Order, the Court determined *inter alia* that Plaintiffs have Article III standing to pursue a claim under the FDCPA arising out of Fabrizio's alleged publication of a notice of foreclosure sale containing information not required by Michigan's foreclosure by advertisement statute. One of the predicates to this finding was Jason Thompke's supposed averment in its Affidavit that Fabrizio continued the publication of the extraneous information after Plaintiffs paid off their debt. *See* Order at pp. 5; 10. The Court's conclusion was based on a misreading of the Affidavit, which contains no such averment. In fact, Fabrizio cancelled the publication as soon as it learned that Plaintiffs had paid off their overdue balance and Legal News confirmed that the publication was cancelled a few days later.[1] *See* D. Walton Email to Legal News dated 2/2/17. Moreover, Court found that the injury attendant to the publication was the inclusion of the "'debt collector' language in the foreclosure notice," language that is required by the FDCPA. *See* Order at p. 20. A plaintiff cannot suffer an actual injury under the FDCPA by the inclusion of language in a notice that the FDCPA mandates.[2] Fabrizio therefore asks the Court to reconsider that part of its Order that found that

---

[1] Fabrizio did not include this email with its motion to dismiss because Mr. Thompke's affidavit did not assert that there was a second publication and, therefore, there were no fact to rebut or contest on this issue.

[2] The Thompkes do not contend that publishing the notice itself is a violation of the FDCPA.

3

Plaintiffs have pled a concrete harm arising from Fabrizio's publication of the foreclosure notice.

### A. Legal standard.

The purpose of a Rule 59(e) motion is to allow the district court to make its own corrections, thus sparing the parties and appellate court the burden of unnecessary appellate proceedings. *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008). The moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 395 (6th Cir. 2007). The Federal Rules of Civil Procedure do not provide for a motion for reconsideration and will look to local rules to determine whether a standard different than that articulated in Rule 59(e) applies in the forum when reviewing a motion for reconsideration. *In re Greektown Holdings, LLC,* 728 F.3d 567, 573 (6th Cir. 2013). Under Local Rule 7.1(h), a movant is required to "not only demonstrate a palpable defect by which the court and the parties… have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(h).

### B. Mr. Thompke did not aver that Fabrizio continued its publication after Plaintiffs paid off their debt, and Plaintiffs therefore have not pled a concrete injury.

In the affidavit attached to Plaintiffs' response to Fabrizio's motion to dismiss, Jason Thompke states that Plaintiffs paid off the overdue balance on their

4

mortgage on January 30, 2017. *See* Affidavit (attached to Plaintiffs' Response as Exhibit 3) at ¶ 2. He further states that although Plaintiffs paid off their debt, he continued to hear from neighbors, friends and family in the community concerned about Plaintiffs' financial problems. *See* Affidavit at ¶ 3. He does *not* state that Fabrizio continued to publish the foreclosure notice after Plaintiffs paid off their debt, nor could he.

Michigan's foreclosure by advertisement statute requires that a notice of foreclosure be given, *inter alia*, by publishing the same for four successive weeks in a newspaper published in the county where the premises are situated. MCL § 600.3208. In order to comply with the statute, Fabrizio placed an order with Legal News to publish Plaintiffs' foreclosure notice from January 27, 2017 through February 17, 2017, including language that the foreclosure sale would take place on March 2, 2017. *See* Notices (attached to Amended Complaint as Exhibit 2). On February 2, 2017, Fabrizio was made aware that Plaintiffs had paid off their debt, and promptly sent an email to Legal News with the subject line, "Cancel publication / Sale 3/2/2017 – Calhoun County – BOA THOMPKEJASON," and the body of the email stating: "Please cancel publication and sale scheduled for 3/2/2017." *See* D. Walton Email to Legal News dated 2/2/17. Thus, the Court's determination that Fabrizio continued the publication after Plaintiffs had paid off their debt was not only based on a misreading of the Affidavit, but it is

5

demonstrably not true. This is a palpable defect by which the Court and the parties have been misled.

### C. The inclusion of the "Mini-Miranda" warning in the foreclosure notice could not have caused an injury under the FDCPA because the warning is required by the FDCPA.

The Court found that the Thompkes stated a claim against Fabrizio based on Fabrizio's inclusion of the following language in the notice of foreclosure:

> AS A DEBT COLLECTOR, WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*See* Order at p. 20. The Court also found that including this language caused an actual injury under *Spokeo, Inc. v. Robins,* 578 U.S. ___; 136 S.Ct. 1540 (2016) in that it led to embarrassment. *See* Order at pp. 9, 10. However, 15 U.S.C. §1692e(11) requires the "debt collector" language, by making that the following a violation of the statute (with emphasis added):

> the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, *that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose,* and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

In order for a plaintiff to have standing, he must have suffered an injury that is "fairly traceable to the challenged conduct of the defendant." *Spokeo,* 136 S.Ct. at 1547. Here, the challenged conduct of the defendant was to include language in

the foreclosure notice that was mandated by the FDCPA. This conduct could not have caused an actual injury under the FDCPA, because the conduct is one of the protections offered consumers under the statute.

### D. Correcting the errors will result in a different disposition of the case.

Correcting these errors will result in a different disposition of the issue of whether Plaintiffs have standing to pursue a claim under the FDCPA arising from Fabrizio's publication of the foreclosure notice and whether a class can be certified on this claim. Plaintiffs allege they were embarrassed by Fabrizio's publication of extraneous information, more than they would have been had Fabrizio published only that language required by state law. Fabrizio argued in its motion to dismiss that Plaintiffs' allegations do not satisfy the requirements of Article III standing because, under *Lyshe v Levy*, 854 F.3d 855 (6th Cir. 2017), "the violation alleged here… is not the type contemplated by *Spokeo*…. The goal of the FDCPA is to eliminate abusive debt collection practices." *Id.* at 859. The inclusion of extraneous language in a foreclosure notice published pursuant to state law is not the type of abusive debt collection practice the FDCPA was designed to prevent because the extraneous language is required by the FDCPA.

Further, in its Order, the Court analyzed whether Plaintiffs' allegation – that the extraneous language embarrassed them more than if Fabrizio had included only that information required by state law – was a sufficiently concrete injury. The

7

Court did not decide that question in the affirmative until it considered "the facts alleged in Jason Thompke's affidavit, in which he avers that even after they paid their debt, the defendant continued the publication of the extraneous information.... The plaintiffs have shown that their injuries are concrete." *See* Opinion at p. 10. The Order did not explain why the supposed fact that Fabrizio published the foreclosure notice after Plaintiffs had paid their debt directed the Court's conclusion that Plaintiffs suffered a concrete injury. Fabrizio respectfully presumes the Court believed that publishing a foreclosure notice when the debtor has already paid off his debts is a paradigmatic abusive debt collection practice. Here, however, all Plaintiffs allege is that Fabrizio published the foreclosure notice that contained extraneous information not required by state law while the mortgage was in default, and the fact is that Fabrizio cancelled the publication as soon as it was notified of Plaintiffs' payment. This is not an abusive practice the likes of which the FDCPA was designed to prevent, and Plaintiffs therefore lack standing to pursue this claim, under the Sixth Circuit precedent in *Lyshe*.

### E. Conclusion.

As a matter of fact there was no second publication of the notice and as a matter of law including the FDCPA-required language in the notice could not have caused an actual injury under the FDCPA. Because the Thompkes are required to

establish standing for each of their claims[3] and because they have no standing to assert a claim based on the foreclosure notice, Fabrizio asks the Court to reconsider that part of its August 14, 2017 order addressed to the foreclosure notice.

WHEREFORE, there being no just cause otherwise, Fabrizio respectfully asks the Court to reconsider those portions of its August 14, 2017 Order related to whether Plaintiffs have alleged an actual injury in connection with the publication of the foreclosure notice.

                                        MADDIN HAUSER ROTH & HELLER, PC

                                        */s/ Kathleen H. Klaus*
                                        KATHLEEN H. KLAUS
                                        JESSE L. ROTH
                                        28400 Northwestern Highway, 2nd Floor
                                        Southfield, Michigan 48034 (248) 359-7520
                                        kklaus@maddinhauser.com
Dated:  August 24, 2017            Attorney Bar No. P67207

---

[3] *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S.Ct. 1645, 1650 (2017), citations omitted.

2051327/15093-0029

## CERTIFICATE OF SERVICE

I hereby certify that on <u>August 24, 2017</u> I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

<u>/s/ Kathleen H. Klaus</u>
Kathleen H. Klaus (P67207)
Attorneys for Defendant
28400 Northwestern Hwy, 2nd Floor
Southfield, MI 48034
(248) 359-7520
Kklaus@maddinhauser.com

DATED: August 24, 2017